1:19mj3184

# AFFIDAVIT

I, Ian M. Brock, currently assigned to the Cleveland Division of the FBI, hereinafter referred to as your Affiant, being duly sworn, do state the following:

## INTRODUCTION

1.  As a Special Agent of the FBI, your Affiant is an investigative law enforcement officer of the United States of America within the meaning of Title 18 U.S.C. 2510(7). Your Affiant is empowered to conduct investigations and to make arrests for federal felony offenses.

2.  Your Affiant has been employed by the Federal Bureau of Investigation for 11 years and has been assigned to the Cleveland Division of the FBI for each of those 11 years. During that time, your Affiant has been assigned to investigate activities of drug trafficking organizations, drug-related gang and violent crime activities, and other criminal offenses. As a Special Agent of the FBI, your Affiant has participated in narcotics/drug enforcement, and the dismantlement of mid- to upper-level drug trafficking organizations. Your Affiant has planned and executed long-term investigative operations which have led to the disruption and dismantlement of criminal street gangs whose revenues centered primarily around the trafficking and distribution of illicit drugs.

3.  As a Special Agent in the FBI, your Affiant received basic drug training at the FBI Academy in Quantico, Virginia. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques, which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations. Your Affiant has been involved in multiple controlled

purchases of drug evidence and subsequent arrests of defendants charged with drug-related crimes.  Your Affiant has supervised the activities of informants who have provided information concerning controlled substances and organized criminal activities, purchased controlled substances, and supervised consensual monitoring in connection with these investigations.  Your Affiant has utilized various forms of tracking technology to assist in various forms of criminal investigation.

4. Affiant makes this affidavit in support of a criminal complaint and arrest warrant for FLOYD RANDLE has conspired to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).  This affidavit does not contain each and every piece of information known to Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested criminal complaints.

## FACTS AND CIRCUMSTANCES

5. On July 17, 2019, members of the Northern Ohio Law Enforcement Task Force (NOLETF) encountered an individual (hereinafter referred to as "Cooperating Witness") in possession of approximately 22 pounds of methamphetamine[1] inside a suitcase.  The Cooperating Witness was encountered during a traffic stop while a passenger in a Lyft vehicle.  The driver of the Lyft vehicle advised officers he/she was taking the Cooperating Witness to the Tallmadge Avenue area of Akron, Ohio.  The Cooperating Witness provided the following information to investigators regarding the 22 pounds of methamphetamine:

---

[1] The narcotics field tested positive for the presence of methamphetamine.  The individual was encountered during a traffic stop on highway 77 south of route 82.

2

6.	Approximately three weeks ago, the Cooperating Witness was asked by FLOYD RANDLE to transport $9,000, via commercial air travel, to RANDLE's cousin who the Cooperating Witness knew by the name "SHEED." RANDLE did not tell the Cooperating Witness why he needed $9,000 transported to SHEED. The Cooperating Witness agreed to transport the $9,000. The Cooperating Witness was shown a picture of RANDLE and positively identified him.

7.	On July 13, 2019, the Cooperating Witness flew to Los Angeles, California with the $9,000 and met three unknown males who worked with SHEED at a hotel near Hollywood, California. When the Cooperating Witness met the unknown males the Cooperating Witness provided them with the $9,000. The Cooperating Witness then waited to hear from RANDLE. On July 15, 2019, RANDLE, SHEED and the three unknown males arrived at the Cooperating Witness's hotel room. RANDLE told the Cooperating Witness he was going to give something to the Cooperating Witness to deliver to an address in Akron, Ohio. He told the Cooperating Witness the unknown males would pack her suitcase with the item he needed delivered. The unknown males then took the Cooperating Witness's suitcase and packed it. The Cooperating Witness did not see what was packed in his/her suitcase. RANDLE told the Cooperating Witness he would provide her with an address in Akron where the Cooperating Witness would deliver the item.

8.	On July 17, 2019, at approximately 12:00 a.m., RANDLE, using a telephone number (424) 202-8823,[2] sent the following text message to the Cooperating Witness, "161 w Tallmadge ave."[3] The Cooperating Witness identified this as the address RANDLE wanted

---

[2] RANDLE was arrested by Ohio Highway Patrol in connection with the 22 pounds of methamphetamine on 07/17/2019 and found to be in possession of telephone using this telephone number.
[3] Text messages between the Cooperating Witness and RANDLE were reviewed by your Affiant.

him/her to deliver the item that was packed in the Cooperating Witness's suitcase. At approximately 1:30 a.m., the Cooperating Witness boarded his/her flight from Los Angeles bound for Cleveland and checked the suitcase that had been packed with the item RANDLE wanted delivered to Akron, Ohio. The Cooperating Witness arrived in Cleveland at approximately 6:30 a.m. and retrieved his/her suitcase with the item RANDLE wanted delivered to Akron from the baggage claim. The Cooperating Witness then texted RANDLE and asked, "Do I just knock on the door?" RANDLE replied, "6716." RANDLE then typed, "Is the code my uncle should be there." In this text message exchange, the Cooperating Witness was asking RANDLE what he/she should do when he/she arrived at 161 West Tallmadge Avenue in Akron and RANDLE advised there is a code to enter the residence and his uncle should be there waiting for the Cooperating Witness. RANDLE also advised the Cooperating Witness that he was in Chicago, Illinois at that time. Flight records verified RANDLE was a passenger on an aircraft traveling from Chicago, Illinois to Akron, Ohio, which left Chicago at approximately 7:50 a.m. The Cooperating Witness did not know who RANDLE's uncle was. The Cooperating Witness assumed there was a code to enter the residence which RANDLE provided, although the Cooperating Witness had never been to the residence so he/she did not know for sure. The Cooperating Witness then scheduled a Lyft vehicle to take him/her to 161 West Tallmadge Avenue in Akron and advised RANDLE he/she would arrive there at approximately 7:37 a.m. At approximately 7:07 a.m., the Cooperating Witness texted RANDLE to advise him the Cooperating Witness had been stopped by police, and RANDLE replied to the Cooperating Witness advising him/her not to say anything to the police.

9. Based on the foregoing, Your Affiant believes that there is probable cause to believe that FLOYD RANDLE did conspire to possess with intent to distribute and distribute

controlled substances, in violation of Title 21, United States Code, Section 846, 841(a)(1), (b)(1)(A).

_____
Special Agent Ian Brock
Federal Bureau of Investigation

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



_____
Thomas M. Parker
United States Magistrate Judge
**8:59 AM, Jul 18, 2019**

5